UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:18-cv-02092-MCE-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Patricia A. McColm, who proceeds without counsel, filed this action on August 1, 2018 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)[1] On September 18, 2018, United States Magistrate Judge Dennis M. Cota granted plaintiff's motion to proceed *in forma pauperis* and indicated that the court would address separately the sufficiency of plaintiff's complaint and whether service of the complaint is appropriate. (ECF No. 5.) Subsequently, this matter was reassigned to the undersigned on January 1, 2019, due to Magistrate Judge Cota's recusal. (ECF No. 6.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

defendant. For the reasons discussed below, the court concludes that this action is frivolous because it is duplicative of an action that was previously filed in this court. Accordingly, the court recommends that the instant action be dismissed.

On July 30, 2012, Patricia McColm commenced an action against the State of California, Trinity County, various superior courts, and several public officials. See generally McColm v. Trinity County et al., 2:12-cv-01984-MCE-AC, ECF No 1. On May 30, 2018, McColm filed the first amended complaint in that action, alleging that the

> action arises out of [a] **retaliatory "*protectionism*"** agreement among **all** named defendants occasioned by fear of litigation from Plaintiff's complaints of defendants': 1) non-compliance with American's With Disability (ADA) access requirements in Trinity County building facilities, 2) non-compliance with ADA mandate to provide access to the court and accommodate limitations of disability in Trinity County Superior Court services; 3) non-compliance with Constitutional rights of Plaintiff; including but not limited to, requirements to provide access to the court and court services . . . [as well as 13 other alleged and enumerated violations].

McColm, 2:12-cv-01984-MCE-AC, ECF No. 38 at 2-3 (emphasis in original). That matter is still pending.

Plaintiff's October 1, 2018 complaint in this action brings claims against the State of California, Trinity County, various superior courts, and several public officials, alleging that the

> action arises out of [a] **CONTINUING retaliatory "*protectionism*"** agreement (*letter imposition of restrictions on Plaintiff's access to the court imposed without notice and opportunity to oppose*) among **all** named defendants (See Related 2:12-cv-1984) occasioned by fear of litigation from Plaintiff's complaints of defendants': 1) non-compliance with American's With Disability (ADA) access requirements in Trinity County building facilities, 2) non-compliance with ADA mandate to provide access to the court and accommodate limitations of disability in Trinity County Superior Court services; 3) non-compliance with Constitutional rights of Plaintiff; including but not limited to, requirements to provide access to the court and court services . . . [as well as 13 other alleged and enumerated violations].

(ECF No. 1 at 2-3 (emphasis in original).)

It is apparent that the instant matter concerns the same essential parties and nearly identical allegations as McColm, 2:12-cv-01984-MCE-AC. Plaintiff even indicates that the two matters are related. Additionally, much of the complaint here is identical to the first amended

complaint in the previous action.  (Compare ECF No. 1 with McColm, 2:12-cv-01984-MCE-AC, ECF No. 38.)  To the extent that plaintiff is adding new defendants and/or new claims, these are properly brought through an amended complaint in McColm, 2:12-cv-01984-MCE-AC, and not as a new case.

Therefore, the court recommends that the instant action be dismissed as duplicative.  In recommending dismissal of this action, the court expresses no opinion regarding the merits of plaintiff's claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative.

2. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations.  With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 21, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3