UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. MCCOLM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-02092-MCE-CKD<br><br>**ORDER** |

Presently before the Court is Plaintiff Patricia A. McColm's ("Plaintiff") Motion to Amend Order, ECF No. 15, asking this Court to reconsider its dismissal of her complaint, ECF No. 13. A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties "may be revised at any time before the entry of judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent

1

jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369 n.5.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff's motion (ECF No. 15) is DENIED because she does not point the Court to any basis for revisiting its prior decision. None of Plaintiff's arguments are based on an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pyramid, 882 F.2d at 369 n.5.

IT IS SO ORDERED.

Dated: July 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE